124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Floyd B. PATTERSON, Plaintiff-Appellant,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 96-3789.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided Aug. 4, 1997.
 
 Before COFFEY, Circuit Judge, FLAUM, Circuit Judge and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Floyd Patterson, an Illinois state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections, the Centralia Correctional Center, and several prison officials and officers.[1] The district court determined that the complaint was frivolous, and dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2). Judgment was entered, and Patterson appeals.
 
 
 2
 The district court addressed only one issue presented by the complaint--whether Patterson presented a-viable due process claim relating to a disciplinary proceeding. The district court correctly determined that no liberty interest protected by due process was implicated by the disciplinary punishment of thirty days in segregation. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995); Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996). We also add that no liberty interest protected by due process was implicated by the allegation of "a latteral [sic] transfer [ ] which terminated petitioner['s] college [c]lasses." See Meachum v. Fano, 427 U.S. 215, 225 (1976) (due process clause does not protect against transfer from one correctional facility to another); Higgason v. Farley, 83 F.3d 807, 809 (7th Cir.1996) (per curiam) (due process clause does not protect prisoner's access to educational programs); Garza v. Miller, 688 F.2d 480, 486 (7th Cir.1982) (same), cert. denied, 459 U.S. 1150 (1983).
 
 
 3
 Patterson notes that the district court did not consider other issues presented in his complaint: specifically, allegations of denial of access to the courts and cruel and unusual punishment.[2] Patterson claims that he was denied access to the court by the refusal of the prison librarian to issue him a law book. However, he does not indicate that the deprivation of this law book frustrated or impeded the litigation of a nonfrivolous challenge to his sentence or confinement. Thus, he cannot show an actual injury. Lewis v. Casey, 116 S.Ct. 2174, 2181-82 (1996).
 
 
 4
 Patterson also states in the complaint that he was subjected to "horrible living conditions while incarcerated 24 hours a day" for thirty days in investigative and disciplinary segregation. He asserts that he did not get "adequate yard, Shower or dayroom priveleges [sic] during the Thirty days" in segregation. He also alleges that he "had to bathe in the cell sink because he was not receiving his daily shower priveleges [sic]." On appeal, he further states that he did not get "proper exercise"--which may explain the significance of the complaint's allegations concerning yard and dayroom privileges--and suggests that he was entitled to two hours of exercise per day. He also states that he did not "get a chance to bathe regularly as a result of being locked up 24-hrs a day."
 
 
 5
 The Eighth Amendment does not mandate daily exercise or daily showers, see Davenport v. DeRobertis, 844 F.2d 1310, 1316-17 (7th Cir.) (Eighth Amendment does not require three showers per week), cert. denied sub nom. Lane v. Davenport, 488 U.S. 908 (1988); French v. Owens, 777 F.2d 1250, 1255-56 (7th Cir.1985) (Eighth Amendment does not require ninety minutes per day of recreation), cert. denied, 479 U.S. 817 (1986), especially where the restrictions are temporary, see Harms v. Fleming, 839 F.2d 1232, 1235, 1236 (7th Cir.1988). Even if Patterson was denied all opportunity to exercise outside of his cell for thirty (lays, he would lack a basis for a claim. See id. at 1236 (twenty-eight days without exercise outside the cell does not violate Eighth Amendment) (citing Caldwell v. Miller, 790 F.2d 589;600-01 (7th Cir.1986)). Also, if Patterson is merely complaining that he could not shower every day, then his claim would be frivolous. See Davenport, 844 F.2d at 1316-17. By contrast, if he means to say that he had little or no opportunity to shower for the thirty days, then his claim would not be frivolous. Cf. id.[3] Because the district court did not address this claim, we conclude that a remand is appropriate for further proceedings.
 
 
 6
 The judgment is VACATED as to Patterson's allegations concerning shower privileges and REMANDED for further proceedings. In all other respects, the judgment is AFFIRMED.
 
 
 
 *
 This court granted appellees' motion for an order of non-involvement on appeal due to lack of service in the trial court and ordered the appeal submitted without the filing of a brief by appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The other defendants listed in the complaint are "Major Jefferson, Off Thole, Off. Lambert # 329, Lt. J.C. Alemond[,] Off B. Newkirk, Captain Thomas, Off. B Nitz, Off. B. Ballard, Warden Halls, [and] Larry Taylor."
 
 
 [2]
 On appeal, Patterson also asserts that an officer failed to prevent an attack against him and that he was denied access to religious services. Neither of these claims are suggested in his complaint, and therefore we shall not consider them
 
 
 [3]
 We offer no opinion as to whether Patterson may have stated a claim for which relief may be granted. See Neitzke v. Williams, 490 U.S. 319 (1989) (distinguishing frivolousness under 28 U.S.C. § 1915(d) (now 28 U.S.C. § 1915(e)) from failure to state a claim under Fed.R.Civ.P. 12Co)(6)); Denton v. Hernandez, 504 U.S. 25, 31-32 (1992) (discussing Neitzke). First of all, we are uncertain whether Patterson does in fact mean to say that he had little or no opportunity to shower for thirty days. Second, depending in part on what Patterson means to say, there is room for argument whether Davenport supports a claim for relief. On the one hand, Davenport arguably suggests that less than one shower per week could offend the Eighth Amendment. See Davenport, 844 F.2d at 1316-17 ("On the record in the present case one shower a week for inmates of Stateville's segregation unit is constitutionally sufficient."). On the other hand, Davenport arguably indicates that a sink in one's cell is an adequate substitute for showers, see id. at 1316, and also that one shower a week might not be required, see id. (criticizing Lightfoot v. Walker, 486 F.Supp. 504, 511 (S.D.Ill.1980)). Also, the relatively short duration of the restriction on showers may undermine Patterson's claim. See Harris, 839 F.2d at 1235, 1236. We leave these issues open for consideration on remand